UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>ROBERT CARLOS MORALES,<br><br>     Defendants. | Case No. 1:17-cr-00274-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Robert Carlos Morales' Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 65. The Government has filed an opposition to Morales' Motion. Dkt. 67. The matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On May, 8 2018, the Court sentenced Morales to 140 months incarceration for the distribution of methamphetamine. Dkts. 60, 62. Morales has served 42 months of that

sentence. Currently, Morales is incarcerated at Federal Correctional Institute (FCI) Gilmer in Glenville, West Virginia.

Morales filed a Motion for Compassionate Release with the Court on July 2, 2020. Dkt. 65. Morales cited to his underlying health conditions, in conjunction with the Covid-19 pandemic, as reasons justifying his release. The Government has opposed Morales' Motion. Dkt. 67. Morales never replied.

### III. LEGAL STANDARD

Morales seeks compassionate release under the First Step Act's ("FSA") newly amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[1] In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18

---

[1] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Morales has not provided sufficient proof to establish that he has exhausted his administrative remedies. On June 25, 2020, it appears Morales asked FCI Gilmer Case Manager Koucher if he would qualify for a modification under the First Step Act. Dkt. 65. However, Morales did not actually then request a modification under § 3582 from the warden of FCI Gilmer.  As such, Morales has failed to establish that he has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). !

That said, Morales asks the Court to waive the exhaustion requirement because of the high risk of injury during the administrative remedies. Dkt. 65.  Other prisoners, filing claims within the Ninth Circuit, have similarly asked courts to waive the exhaustion requirements of § 3582(c)(1)(A) because of the risks related to COVID-19, but the courts have rejected these arguments. *United States v. Valladares*, No. 17CR3715-JAH, 2020 WL

2062252, at *2 (S.D. Cal. Apr. 29, 2020); *United States v. Reid*, No. 17-CR-00175-CRB-1, 2020 WL 1904598, at *4 (N.D. Cal. Apr. 18, 2020).  Although courts have the discretion to waive judicially-created exhaustion requirements, "statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court." *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998). Here, § 3582 provides that a court cannot modify a defendant's sentence until the defendant has fully exhausted all administrative remedies before the BOP. 18 U.S.C. § 3582(c)(1)(A). Therefore, the statute requires exhaustion and since Morales failed to comply, the Court is deprived of jurisdiction over his motion.

### B. Extraordinary and Compelling Reasons

Even if Morales had exhausted his administrative remedies, he would not be entitled to relief because he has not shown that "extraordinary and compelling reasons" warranting a permanent reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Morales bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Before passage of the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) medical conditions of the defendant; (B) age of the defendant; (C) certain family circumstances; and (D) as determined by the Director of the BOP, other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume compassionate release 'may be granted only upon motion by the Director of the Bureau of Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). Because this is no longer the law with the FSA, which allows defendants to seek relief directly from the court, this "leaves district courts in a conundrum." *Id.* (explaining that Congress now allows district courts to grant petitions "consistent with the applicable policy statements" from the Sentencing Commission, although the Sentencing Commission "has not made the policy statements for the old regime applicable to the new one").

A growing number of district courts have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in [U.S.S.G. § 1B1.13] warrant compassionate release." *Rodriguez*, 411 F. Supp. 3d at 682 (collecting cases). However, other courts have concluded "a judge may not stray beyond the specific instances listed in [U.S.S.G. § 1B1.13]." *Mondaca*, 2020 WL 1029024, at *3 (citations omitted); *see also United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (stating U.S.S.G. § 1B1.13's descriptions of extraordinary and compelling reasons "remain current, even if references to the identity of the moving party are not").

The Court need not decide the issue, however, because Morales suggests one of the specific scenarios set out in the Sentencing Commission's policy statement applies in this case. *Brown*, 411 F. Supp. 3d at 451 (district courts "still must act in harmony with any

sentencing policy guidelines that remain applicable and the § 3553(a) factors"). First, Morales seeks compassionate release under the "medical condition" scenario in subdivision (A) of U.S.S.G. 1B1.13, Application Note 1.[3] Morales argues that his medical conditions, including diabetes and hypertension, in conjunction with the Covid-19 pandemic, constitute extraordinary and compelling reasons warranting his release.

Morales' health condition does place him at a higher risk of contracting a severe case of COVID-19. The CDC lists diabetes as an underlying health condition which places individuals at an increased risk of contracting COVID-19, and hypertension as an underlying health condition which might place individuals at an increased risk of contracting COVID-19. Additionally, the Government concedes that this condition, coupled with the risk of COVID-19, presents an "extraordinary and compelling reason" to

---

[3] The "medical condition of the defendant" may constitute an extraordinary and compelling reason for release where:

    (A)    Medical Condition of the Defendant.—

    (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii)    The defendant is—

    (I)    suffering from a serious physical or medical condition,

    (II)    suffering from a serious functional or cognitive impairment, or

    (III)    experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1(A).

MEMORANDUM DECISION AND ORDER - 6

release Morales.

This acknowledgment aside, the Government argues that the application of the 18 U.S.C. § 3553(a) factors weigh against Morales' release. Dkt. 67.[4] In particular, the Government argues that Morales is still a danger to the community. *Id.* Specifically, the Government highlights Morales conviction in this case for the distribution of methamphetamine, as well as Morales' prior convictions—including two other drug trafficking offenses—and notes these behaviors pose a substantial threat to the community. The Government also asserts that granting Morales' motion, after he has served less than a third of his sentence, would not reflect the serious nature of his offense. The Court agrees with this argument. The distribution of methamphetamine is a serious offense which perpetuates drug abuse in the community. Reducing Morales' term of incarceration from 140 months to 42 months does not adequately reflect the seriousness of his actions. Therefore, the Court agrees that this is a compelling reason for denying Morales' motion.

---

[4] Factors To Be Considered in Imposing a Sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

    (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)

In sum, the Court finds that Morales has not exhausted his administrative remedies. Additionally, the Court finds that while Morales has shown that "extraordinary and compelling reasons" exist, he has failed to show that such a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior sentence and release Morales at this time. Accordingly, the Court must DENY Morales' motion.

## V. ORDER

The Court HEREBY ORDERS:

1. Morales' Motion for Compassionate Release (Dkt. 65) is DENIED.

DATED: January 20, 2021

David C. Nye
Chief U.S. District Court Judge