UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>v.<br><br>ROBERT CARLOS MORALES,<br><br>  Defendant. | Case No. 1:17-cr-00274-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Robert Morales's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 72. The Government has filed an opposition to Morales's Motion. Dkt. 76. The matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES Morales's Motion.

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

### A. Factual Background

On February 14, 2018, Morales pleaded guilty to Count One of the Superseding Information charging him with distribution of methamphetamine. Dkt. 42. On May 8, 2018, the Court sentenced Morales to 140 months of imprisonment with four years of supervised release to follow. Dkt. 60, 62.[2] Morales has served roughly 87 months of that sentence, with a projected release date of July 6, 2027. Currently, Morales is incarcerated at the Federal Medical Center (FMC) in Rochester, Minnesota.

### B. Procedural Background

Morales previously filed a Motion for Compassionate Release in 2020. Dkt. 65. He argued that the threat posed by the COVID-19 pandemic, combined with his vulnerability from Diabetes and Hypertension, warranted release. *Id*. The Government opposed the request. Dkt. 67. The Court denied Morales' motion. Dkt. 68. First, the Court determined Morales had failed to exhaust his administrative remedies because he had not requested a modification under § 3582 from the warden of his facility. *Id*. at 3-4. Second, the Court concluded that, while Morales's Diabetes and Hypertension put him at a higher risk for COVID-19 related complications, they did not constitute "extraordinary and compelling" circumstances warranting release. *Id*. at 6. Finally, the Court noted that, distribution of methamphetamine is a serious offense which perpetuates drug abuse in the community and reducing Morales's sentence from 140 months to 42 months would not adequately reflect

---

[2] Judge Edward J. Lodge originally presided over this case. However, due to Judge Lodge taking inactive senior status, the matter was reassigned to the undersigned on July 10, 2020. Dkt. 64.

the seriousness of his actions. *Id*. at 7.

On February 17, 2025, Morales filed the instant Motion for Compassionate Release. Dkt. 72. In this Motion, Morales seeks compassionate release based on his need for assistance with daily living due to his deteriorating health. *See generally Id*. Additionally, Morales argues that his status as a "career offender" played a factor in his sentence and that a recent change to the guidelines may have resulted in a lesser sentence if he was sentenced today. *Id*. The Court set a briefing schedule (Dkt. 73) and the Government responded in objection (Dkt. 76). Morales replied (Dkt. 77), and the matter is ripe for review.

### III. LEGAL STANDARD

Morales seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[3] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F.

---

[3] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

Supp. 3d 674, 680 (N.D. Cal. 2019).

The Sentencing Commission's policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence; or (6) any other circumstance or combination of circumstances of similar gravity. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—and not those brought by defendants their own behalf. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). To be sure, district courts were free to consult the policy statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *Aruda* and to make U.S.S.G § 1B1.13 binding. *See United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*,

MEMORANDUM DECISION AND ORDER - 4

2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

In any event, the catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason to warrant a reduction in sentence.

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

As part of his current Motion, Morales indicates that on December 18, 2024, he requested compassionate release from the Warden at FMC Rochester but has not received a response. Dkt. 72-1, at 4-5. Insofar as 30 days elapsed between his filing with the Warden and his instant Motion, exhaustion is satisfied. The Court will proceed to the next stage of its inquiry.

### B. Extraordinary and Compelling Reasons

The Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Morales's sentence, and whether "such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Morales bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Here, Morales argues release is necessary due to his health significantly deteriorating to the point where he needs assistance with his activities of daily living (ADLs). Dkt. 72. Additionally, Morales argues that he has been subjected to poor care and treatment within BOP, resulting in a grave risk of further deterioration. *Id*.

Morales' BOP medical records indicate he is 48-years-old and suffers from several medical conditions, including Diabetes, GI issues, and Hypertension. *Id*. The Court reviewed these various medical conditions in depth in its prior decision to deny his Motion for Compassionate Release in 2020. *See generally* Dkt. 68.

The Court acknowledges that Morales's condition(s) are genuine and serious. And it appears *some* of those conditions have worsened since the Court's last decision. That said, the Court does not find Morales's medical concerns equate to an extraordinary and compelling reason for release. Morales was recently transferred to a BOP medical facility to ensure his several medical conditions were being addressed. Dkt. 76, at 3.[4] Furthermore, medical records indicate upon arrival at the facility, a treatment program was established

---

[4] Morales argues the timing of his transfer to a BOP medical facility—just a few weeks after filing the instant motion—is suspect. Dkt. 77, at 2. Coincidental or not, Morales is now receiving better care and this weighs against the idea that he must be released to receive better medical care.

MEMORANDUM DECISION AND ORDER - 6

to ensure that all medical ADL and IADL[5] needs are being met. *Id*. Medical records show marked improvements and that he has been independent in his ADLs and IADLs. *Id*.

Based on the information obtained, the Court agrees with the Government that Morales is currently receiving medical care that ensures his needs are being met. Morales's diminished ability to provide self-care and his ability to receive long-term or specialized medical care have been addressed in his current situation and there is no extraordinary and compelling reason for release.[6]

As noted, while health concerns were the main crux of Morales's Motion, he also alleges that, were he to be sentenced today, his guideline range (and any attending sentence) would be much lower because he likely would not be considered a "career offender." While the crimes that gave rise to Morales's career offender status *may* appear less serious than other crimes (because they dealt with marijuana), the Court notes those prior convictions nevertheless still qualify as predicate offenses and give rise to a career offender status. Morales's other arguments regarding possible guideline ranges, status points, enhancements, and departures are not wholly without merit. However, Morales made some of these argument before Judge Lodge at sentencing—and was successful to some degree.[7] The Court has reviewed the sentence Judge Lodge imposed in this case and does not feel a

---

[5] IADL's are "instrumental activities of daily living" and require more advance skills than ADLs. IADLs include things such as money management, preparing meals, managing health etc.

[6] Morales also worries he could be transferred to a less accommodating facility and that his medical needs will regress further. Dkt. 77, at 3. This is always a possibility. If that occurs, or if other health issues arise or worse, Morales can always file another motion for the Court's review.

[7] The guideline range in this case was 188 to 235 months. *See* Dkt. 61. Judge Lodge granted a variance—for some of the same reasons Morales highlights now—and imposed a 140-month sentence.

MEMORANDUM DECISION AND ORDER - 7

further reduction is appropriate.

### C. Applicable Policy Statements.

Finally, the Court addresses whether granting Morales's request for compassionate release would be consistent with applicable policy statements issued by the U.S. Sentencing Commission, as contained in 18 U.S.C. § 3553(a) factors. The Government argues that under the § 3553(a) factors, a release is not supported, though Morales claims he is no longer a threat to society due to his deteriorating health. Dkt. 76.

While he may not be as substantial of a threat to society at this stage in life based on his health, Morales has a substantial criminal history of trafficking drugs. The distribution of a dangerous controlled substance such as methamphetamine presents a significant danger to the public. And Morales committed the instant crime while on supervised release. Further, as an inmate, Morales has faced multiple disciplinary issues. Dkt. 76, at 4. This concerns the Court as it could be an indication of how Morales will perform on supervised release in the future. Furthermore, the Court expresses concern that a reduction in Morales's sentence would fail to adequately convey the seriousness of his criminal conduct as the distribution of methamphetamine is a serious offense that perpetuates drug abuse within the community.

For these reasons, the Court feels society is best protected by Morales's continued incarceration at this time, and further, that a reduction in Morales's sentence would not be consistent with the relevant § 3553(a) factors.

### V. CONCLUSION

Although he exhausted his administrative remedies required, Morales has failed to

demonstrate that "extraordinary and compelling reasons" exist for his release. Further, he has failed to show that a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior sentence at this time. Accordingly, Morales's Motion for Compassionate Release is DENIED.

## VI. ORDER

The Court **HEREBY ORDERS**:

1. Morales's Motion for Compassionate Release (Dkt. 72) is **DENIED**.

DATED: June 6, 2025

_____
David C. Nye
Chief U.S. District Court Judge